UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

**INA GILMORE-TENSLEY,**

    **Plaintiff,**

v.                                               Case No. 20-2206

**MENARD, INC.,**

    **Defendant.**

## HIPAA QUALIFIED PROTECTIVE ORDER

    This matter comes before the Court pursuant to Defendant's Motion for HIPAA Qualified Protective Order. After being advised in the premises, this Court finds any objections raised by Plaintiff have been resolved by the Court and that good cause exists for the entry of a Protective Order to prevent the unauthorized disclosure and to direct the use of protected health information during the course of this litigation pursuant to Federal Rule of Civil Procedure 26(c) and 45 C.F.R. § 164-512.

    Accordingly, IT IS HEREBY ORDERED:

    1.    All records produced by the parties to this litigation shall be produced subject to the conditions of this Protective Order.

    2.    During the course of this litigation, the parties recognize it may be necessary to disclose protected health information of the Plaintiff as that term is defined under the Health Insurance Portability and Accountability Act (HIPAA) and the Federal Regulations enacted pursuant to said Act.

    3.    This Protective Order shall apply to any records produced by a covered entity (as defined by 45 C.F.R. § 160.103) which receives a request to produce or a subpoena for protected health information.

    4.    All protected health information disclosed by any covered entities shall be used for the sole purpose of preparing for or conducting this litigation, including, but not limited to, discovery, depositions, trial preparation or trial and shall not be disclosed or revealed to anyone not authorized by this Protective Order.

5. Protected health information may be disclosed by any covered entity, health care provider, insurer, party, party's expert or party's attorney without further notice to the following:

   A. Counsel for the respective parties to this litigation, their employees, parties to the litigation, and employees of counsel who are assisting in the prosecution or defense of this litigation;

   B. Experts and consultants (and their employees and clerical assistants) who are employed, retained or otherwise consulted by counsel of the parties to assist in any way in the preparation and trial of this litigation;

   C. Experts and consultants (and their employees and clerical assistants) who are employed, retained or otherwise consulted by counsel of the parties to assist in any way in the preparation and trial of this litigation;

   D. Treating physicians;

   E. Other health care providers;

   F. Liability insurers of any of the parties involved in the litigation;

   G. In any proceedings for health oversight activities as permitted under 45 C.F.R. § 164.52; and

   H. Copying services for the purpose of copying records subject to this Protective Order.

6. The parties and each entity governed by this Protective Order shall either (a) destroy or (b) return to the entity who originally produced it all protected health information, including all copies made; provided, however, the said protected health information may be retained in the files of the law firms handling this litigation and may be destroyed pursuant to their regular file retention policies so long as the protected health information is maintained in a secure environment.

7. This Protective Order shall survive the final conclusion of this litigation and shall continue in full force and effect, and the Court shall retain jurisdiction to enforce this Protective Order.

8. This Protective Order does not change or affect notice and other procedural requirements or limitations of the Federal Rules of Civil Procedure. Nothing herein shall be construed as a waiver of Plaintiff's rights as established by the Petrillo doctrine and its progeny.

ENTERED this 3rd day of March, 2021.

s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE
